José Demetrio de Jesús et al., Plaintiffs and Appellees-Appellants, *v.* Salomón Assad Hawayeck, Defendant and Appellant-Appellee.

No. 8525.  Argued December 1, 1943.—Decided February 17, 1944.

*Pedro E. Anglade* for appellees-appellants.  *R. Sancho Bonet* and *Ulpiano Crespo, Jr.,* for appellant-appellee.

Mr. Justice Todd Jr., delivered the opinion of the court.

The District Court of Arecibo rendered judgment in this case annulling a summary foreclosure proceeding filed by the defendant against the plaintiffs and also adjudged them to pay the plaintiffs $2,000 as damages in addition to the interest to be accrued at the rate of 6 per cent per annum. The same judgment sustained the counterclaim filed by the defendant and adjudged the plaintiffs to pay the defendant $3,450.79 (the amount of the debt with interest), plus interest at 6 per cent per annum. It ordered the defendant to deliver the estate to the plaintiffs when "the plaintiffs deposit with the clerk of the court the difference between the sums awarded by this judgment, including costs, that is, the balance in favor of the defendant." Both parties have appealed.

We shall examine in the first place defendant's appeal wherein he urges that the lower court erred in deciding that the summary foreclosure proceeding is void, in not deciding that the plaintiffs are estopped from prosecuting the nullity action, and in not granting the just and equitable relief to which defendant was entitled upon his counterclaim, which was sustained.

█ █ The first and third clauses of the deed constituting the mortgage which gave rise to the summary foreclosure proceeding provide as follows:

"First: Don José Demetrio de Jesús Borrás in his own right and as attorney in fact of his aforesaid wife, of Jesús Enrique and his wife Braulia Martínez, and of Rafael, Miguel, and Alejandrina de Jesús Borrás, acknowledges having borrowed from Don Salomón Assad Hawayeck the sum of one thousand dollars which he pledges himself to return within the term of one year which will expire on December the fifth, nineteen hundred and twenty-five. This debt will not bear interest until its maturity; but after its maturity it will bear interest at the rate of 1 per cent per month, payable at the end of each month.

"* * * * * * *

"Third: To secure the payment of the sum of one thousand dollars as principal and three hundred dollars for expenses, costs,

and attorney's fees in case of litigation, Don José Demetrio de Jesús Borrás in his own right and as attorney in fact of his said wife, Rafaela Padró, and of his brothers Jesús Enrique and his wife, and Rafael, Miguel, and Alejandrino de Jesús Borrás, hereby constitutes a voluntary mortgage upon the described property, Don Salomón Assad Hawayek accepting said real right constituted in his favor."

Upon the summary foreclosure of this mortgage, there was included in the demand for payment, and the estate was executed for, not only the principal due but also the sum of $190 as accrued interest.

We have repeatedly held that a summary foreclosure proceeding must be strictly complied with and that the collection of interest which is not guaranteed by the mortgage renders said proceeding void. *Santos* v. *Crédito y Ahorro Ponceño,* 41 P.R.R. 934; *Martorell* v. *Crédito y Ahorro Ponceño,* 42 P.R.R. 632; *Vázquez* v. *Gutiérrez,* 52 P.R.R. 162; and *Figueroa* v. *Boneta,* 58 P.R.R. 811.

A mere reading of the third clause, *supra,* shows that the interest after default *(intereses de mora)* which had been agreed upon in the first clause was not secured by the mortgage lien and this being so, the lower court did not err in declaring the summary foreclosure proceeding null.

■■ The second assignment is based on the fact that upon being ejected from the estate which had been foreclosed by defendant, plaintiffs claimed and succeeded in having established their homestead right over certain houses situated on the estate. The appellant holds that due to this fact plaintiffs were estopped from prosecuting the nullity action. In our judgment he is not right.

When the plaintiffs put in their claim for homestead, they made use of a right which was acknowledged to them by law and of which defendant could not deprive them. The fact that they claimed and obtained the acknowledgment of their homestead right was not an obstacle to their alleging the

nullity of the summary foreclosure and as a consequence thereof to having the previous status re-established. The exercise of said right did not have the effect of convalidating what had been null from its inception. They were not admitting, as appellant holds, the validity of the summary proceeding by claiming their homestead right. Furthermore, if the summary proceeding was null, the homestead claim in the subsequent unlawful detainer suit wherein the title to the property could not have been argued or determined, could not have had the effect of validating said proceeding in any way whatsoever. An absolutely void act—the sale in this case—can not be convalidated by subsequent acts—*Mestre et al* v. *Michelena et al.*, 30 P.R.R. 142—and least of all when these refer to a right acknowledge by law such as that of homestead.

■ The second error was not committed, and with respect to the third, appellant limits himself in his brief to stating it without discussing or trying to show what he bases it on. Defendant's appeal must therefore be dismissed.

■■ We proceed to consider plaintiffs' appeal wherein they allege that the judgment is contrary to the evidence adduced with respect to the damages awarded; that the lower court was moved by prejudice in determining said damages; and that the judgment is contrary to law in that part of it which provides that the defendant will retain title and possession of the estate until the balance of the judgment is deposited in court at the disposal of the defendant.

The first two errors may be considered jointly. After stating that in acknowledging to plaintiffs their homestead right they had obtained 26 acres *(cuerdas)* "which was the best land in the estate," the lower court said that it would only consider the damages for fruits not perceived from the land of which the defendant took possession, and referring to the evidence introduced on this point, it stated as follows:

"The evidence introduced shows that the estate did not yield much to the defendant and plaintiffs' testimonial evidence to a large extent is unprecise and it refers largely to small leases into which the defendant has entered with third parties, and to judge from the rentals thereof it appears that the land is not fertile. Furthermore, one must keep in mind the expenses which the defendant may have incurred. We believe that the sum of $2,000 is sufficient compensation for the damages sustained."

We have carefully examined the evidence introduced by the parties, as it appears in the transcript thereof, and we believe that the sum awarded by the lower court is reasonable. The evidence was contradictory with respect to the true value of the fruits which the estate yielded or might have yielded. As to the value of the leases of certain lots totalling 45 acres *(cuerdas)* that the defendant entered into, plaintiffs limited themselves to proving what said leases in effect yielded, that is, $125 per annum, but they introduced no evidence to the effect that the remaining portion of the estate up to its 202 acres *(cuerdas)* might have been leased and might have yielded proportionately the same as the other leased lots, and, least of all, that a higher rental might have been obtained. On the contrary, defendant's evidence showed that even from those lots that were leased he had to eject the lessees because they were unable to pay the rental. The court decided the controversy and gave credit to defendant's evidence, and we find nothing in the record to justify the imputation that upon so doing it was moved by passion or prejudice. Neither the two errors which we have discussed nor the third, were committed, since the judgment rendered by the lower court is similar to those which merited the approval of this court in the cases of *Román* v. *Rivera*, 43 P.R.R. 512, and *Oller* v. *Cadierno*, 62 P.R.R. 401.

The judgment appealed from must be affirmed.